UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEVARIEN ZYMELL DUNLAP,<br><br>        Plaintiff,<br><br>    v.<br><br>ROSS STORES,<br><br>        Defendant. | Case No.  25-cv-08214-LJC<br><br>**ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED**<br><br>Re: Dkt. No. 1 |

United States District Court
Northern District of California

## I.      INTRODUCTION

Plaintiff Jevarien Dunlap brings this action against Defendant Ross Stores.  The Court previously granted Dunlap's application to proceed in forma pauperis and now reviews the sufficiency of Dunlap's Complaint under 28 U.S.C. § 1915(e)(2)(B).  For the reasons discussed below, Dunlap is ORDERED TO SHOW CAUSE why the Complaint should not be dismissed. Dunlap must file no later than four weeks from the date of this Order either: (1) an amended complaint that cures the defects identified in this Order; or (2) a response to this Order explaining why the current Complaint is sufficient to proceed.  If Dunlap does not file either an amended complaint or a response by that deadline, or fails to cure the defects identified in this Order, the case will be reassigned to a district judge with a recommendation that it be dismissed.

The case management conference previously scheduled for February 12, 2026 is CONTINUED to May 14, 2026 at 1:30 PM, to occur via Zoom webinar videoconference.  Access instructions are available at https://cand.uscourts.gov/ljc/.  Dunlap must file a case management statement no later than May 7, 2026.  If Defendant has been served and appeared by that date, Defendant must also file a case management statement by the same deadline, or the parties may file a joint case management statement.

United States District Court
Northern District of California

## II.    ALLEGATIONS OF THE COMPLAINT

Dunlap alleges the following facts:

> This happened 09/16/2025 around 7:36pm when I was shopping in Ross of 147 Serramonte Center, Daly City CA 94015. I was constantly looking and trying on shoes while seeing a officer stand right down an aisle starring at me for awhile. On top of the officer there was this MOD named leslie who picked up items I intended to purchased and gave them to the officer who stared at me for awhile. I would say this is not racial profiling they meant to intimidate and humiliate me. I was trying on shoes when the items were sitting to the right of me when I seen leslie pick them up.

Compl. (ECF No. 1) at 3, § V (spelling and capitalization as in original).

Dunlap brings claims under 42 U.S.C. § 1983 and 18 U.S.C. § 242. Compl. at 2, 5, §§ II, VI. Dunlap "seek[s] 530,000 dollars from emotional distress damages as well as racial profiling." Compl. at 7, § VII.

## III.    LEGAL STANDARD

When an application to proceed in forma pauperis has been granted, the Court must then evaluate the sufficiency of his Complaint under 28 U.S.C. § 1915(e)(2)(B), which provides in relevant part that after granting permission to proceed in forma pauperis, a court "shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i), (ii). When a complaint fails to state a claim on which relief may be granted, a court may also dismiss the case sua sponte (meaning on the court's own initiative) under Rule 12(b)(6) of the Federal Rules of Civil Procedure, regardless of whether a plaintiff is proceeding in forma pauperis. *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987).

When the complaint has been filed by a pro se plaintiff, a court must "construe the pleadings liberally and . . . afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). But "[t]hreadbare recitals of the elements of a cause of action . . . do not suffice," and a court need not credit "legal conclusions" or "mere conclusory statements." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). In order to state a claim on which relief may be granted, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555

(2007). A complaint must demonstrate "facial plausibility" by pleading "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In other words, the Complaint needs to include *facts*, not just the type of legal claim the plaintiff asserts. In assessing whether a complaint is "frivolous" under § 1915, the Court may also consider whether "the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional." *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992).

Furthermore, federal courts are courts of limited subject matter jurisdiction, and a plaintiff must provide a sufficient explanation of why this case falls within that jurisdiction. Two of the most common grounds for federal subject matter jurisdiction are federal question jurisdiction under 28 U.S.C. § 1331, which applies to claims "arising under the Constitution, laws, or treaties of the United States," and diversity jurisdiction under 28 U.S.C. § 1332(a), which applies to cases where no defendant is a citizen of the same state as any plaintiff and where the amount in controversy exceeds $75,000. Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

Courts ordinarily must give pro se plaintiffs leave to "amend their complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Franklin v. Murphy*, 745 F.2d 1221, 1235 n.9 (9th Cir. 1984).

## IV.   ANALYSIS

Dunlap asserts federal question jurisdiction under 28 U.S.C. § 1331 based on claims arising under or related to 42 U.S.C. § 1983 and 18 U.S.C. § 242. Compl. at 2, § II.

Section 1983 provides generally (subject to various exceptions and qualifications) that a plaintiff may bring a civil claim against a person acting "under color of" state law who deprives the plaintiff of rights under federal law or the U.S. Constitution. 42 U.S.C. § 1983. That statute's requirement that the defendant act under color of law usually only allows for a claim against a government entity or employee. There are some exceptions, like when a private person or entity acts jointly with the government or serves a public function, but Dunlap has not alleged any

United States District Court
Northern District of California

3

connection between Defendant Ross Stores and any government function or entity to support such an exception here. *See, e.g.*, *Lee v. Katz*, 276 F.3d 550, 554 (9th Cir. 2002); *Solomon v. Las Vegas Metro. Police Dep't*, 441 F. Supp. 3d 1090, 1097–99 (D. Nev. 2020). Because Dunlap does not allege that Defendant Ross Stores or its employees were government entities or that they were acting on behalf of the government, Dunlap has not stated a claim on which relief may be granted under § 1983.

Section 242 is a criminal statute that includes language similar to § 1983. 18 U.S.C. § 242. Private citizens generally cannot bring civil claims to enforce criminal laws, and § 242 is no exception to that general rule. *See, e.g.*, *Rockefeller v. U.S. Ct. of Appeals Off., for Tenth Cir. Judges*, 248 F. Supp. 2d 17, 23 (D.D.C. 2003) (granting a motion to dismiss because § 242 does not "convey a private right of action"). Even if that were not so, § 242 only applies to defendants acting "under color of any law, statute, ordinance, regulation, or custom." 18 U.S.C. § 242. "'Under color' of law means the same thing in § 242 that it does in the civil counterpart of § 242, 42 U.S.C. § 1983." *United States v. Price*, 383 U.S. 787, 794 n.7 (1966). As discussed above in the context of § 1983, Dunlap has not alleged that Defendant Ross Stores or its employees acted under color of law.

Accordingly, Dunlap has not stated a claim on which relief may be granted under either of the federal statutes cited in the Complaint. Nor is it apparent that any other law would support a federal claim based on the facts Dunlap has alleged.

Dunlap's allegation that Defendant's employees "meant to intimidate and humiliate" Dunlap, *see* Compl. at 3, perhaps suggests that Dunlap wishes to pursue a claim for intentional infliction of emotion distress. Such a claim arises under state law rather than federal law, and Dunlap has not shown any basis for federal subject matter jurisdiction over that potential claim. *See, e.g.*, *McIntosh v. Thomaz*, No. 19-cv-00800-JCS, 2019 WL 3363792, at *2 (N.D. Cal. May 14, 2019), *report and recommendation adopted*, 2019 WL 3804671 (N.D. Cal. Aug. 13, 2019).[1]

---

[1] Dunlap's Complaint suggests that both Dunlap and Ross Stores are citizens of California, which would mean Dunlap cannot establish jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332(a). *See* Compl. at 1, § I. Nor has Dunlap invoked that jurisdictional statute in the present Complaint. But if Dunlap believes the facts support diversity jurisdiction, Dunlap may include

United States District Court
Northern District of California

Even if Dunlap could establish jurisdiction, Dunlap also has not provided sufficient factual allegations to support such a claim, which requires a plaintiff to show: "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Sandoval v. Pali Inst., Inc.*, 113 Cal. App. 5th 616, 629 (2025) (cleaned up). Here, Dunlap has provided little in the way of allegations to show "extreme and outrageous conduct," and no factual allegations of "severe or extreme emotional distress." *See id.*

Dunlap's allegations regarding racial profiling are facially inconsistent. Dunlap's claim under § 242 states that Dunlap "was racially profiled," Compl. at 5, § VI, but Dunlap's statement of facts asserts that Dunlap "would say this is *not* racial profiling," Compl. at 3, § V (emphasis added). But even if Dunlap had not specifically denied racial profiling in the statement of facts, Dunlap does not provide factual allegations (as opposed to mere conclusory assertions) to support a plausible conclusion of racial profiling, like that other shoppers of a different race from Dunlap were treated differently. Dunlap also does not identify any law that would support a claim under the facts asserted.

## V.   CONCLUSION

For the reasons discussed above, Dunlap is ORDERED TO SHOW CAUSE why this case should not be dismissed as frivolous, for failure to state a claim on which relief may be granted, or for lack of subject matter jurisdiction. Dunlap must file no later than four weeks from the date of this Order either: (1) an amended complaint that cures the defects identified in this Order; or (2) a response to this Order explaining why the current Complaint is sufficient to proceed.

If Dunlap files an amended complaint, it must list the same case number as this Order (25-cv-08214) and must include all of the claims and alleged facts that Dunlap wishes to assert and all of the defendants Dunlap wishes to sue. An amended complaint completely replaces an original complaint and cannot rely on the contents of the original complaint. *See Ferdik v. Bonzelet*, 963

those allegations in an amended complaint.

United States District Court
Northern District of California

F.2d 1258, 1262 (9th Cir. 1992).

If Dunlap does not respond to this Order as required above, this case may be dismissed for failure to prosecute and failure to comply with a court order, in addition to the other grounds for dismissal identified in this Order.

If Dunlap continues to proceed without an attorney, the Court encourages Dunlap to review the section "Representing Yourself" on the Court's website, located at https://www.cand.uscourts.gov/pro-se-litigants/. Dunlap is also encouraged to contact the Court's Legal Help Centers. Attorneys at the Legal Help Centers can provide basic assistance and advice to parties representing themselves but cannot provide legal representation. Dunlap may schedule an appointment by calling 415-782-8982 or emailing fedpro@sfbar.org.

**IT IS SO ORDERED.**

Dated: January 27, 2026

LISA J. CISNEROS
United States Magistrate Judge

United States District Court
Northern District of California

6